IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICOLE KATHERINE ZETZMAN,

        Petitioner,

v.

T. LILLARD,

        Respondent.

Case No. 3:23-CV-4008-NJR

## ORDER

**ROSENSTENGEL, Chief Judge:**

      Petitioner Nicole Katherine Zetzman, an inmate of the Federal Bureau of Prisons ("BOP") currently housed at Greenville FPC within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Zetzman challenges the BOP's calculation of her sentence. (*Id.*). Specifically, Zetzman argues that the BOP has incorrectly failed to credit her for the 11 months and 25 days that she served "in custody" under "official detention" in the Minnesota Adult and Teen Challenge program. (*Id.*).

      This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The Court has reviewed the petition and finds it is not plainly apparent that Zetzman is not entitled to relief. Accordingly, the Court **ORDERS** Respondent T. Lillard to answer or otherwise plead on or before **February 5, 2024**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Zetzman is **ADVISED** of her continuing obligation to keep the Clerk of Court (and the opposing party) informed of any change in her whereabouts during the pendency of this action. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

   **IT IS SO ORDERED.**

   DATED:   January 4, 2024

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**